IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00374-EWN-OES

BRANDON LANE WALTERS,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Entered by O. Edward Schlatter, United States Magistrate Judge.**

Under the General Order of Reference to United States Magistrate Judge issued in this matter pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and D.C.COLO.LCivR 72.1, this case has been referred to me for purposes of making a recommendation on the dispositive matters and for ruling upon the nondispositive matters of this lawsuit. The parties' rights to seek review or reconsideration of this Recommendation, by filing objections within ten days, are attached hereto, and are entitled "Advisement Under Fed. R. Civ. P. 72."

**BACKGROUND**

Plaintiff, a *pro se* federal prisoner, filed a Second Amended Complaint ("Amended Complaint") pursuant to the Federal Tort Claims Act ("FTCA") on June 8, 2004.  He is

incarcerated at the United States Penitentiary ("USP") in Florence, Colorado.  Plaintiff asserts four claims alleging that prison official failed to provide adequate medical care, allowed another inmate to withdraw funds from his prison account, and lost some of his personal property when he was transferred to the special housing unit ("SHU").  Plaintiff also sets forth a fifth claim for the fees and costs of this action.

Defendant has filed a Motion To Dismiss, arguing that this court lacks subject matter jurisdiction over the plaintiff's claims under Fed.R.Civ.P. 12(b)(1). The defendant contends that the plaintiff has failed to exhaust his administrative remedies with regard to the claims he is pursuing in this court.  Defendant also alleges that with regard to plaintiff's medical treatment claim, he has failed to provide a certificate of review.

Plaintiff has responded to the defendant's motion, arguing that he has exhausted his administrative remedies and that the requirement of a certificate of review can be satisfied with an evidentiary hearing.

## DISCUSSION

### I.      Standard of Review.

Under Rule 12(b)(1), a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the lawsuit before it. The determination of subject matter jurisdiction is a threshold question of law. Madsen v. United States ex. rel. United States Army Corps of Engineers, 841 F.2d 1011, 1012 (10th Cir. 1987).  As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear.  See U.S. CONST. ART. III, § 2; Morris v.

City of Hobart, 39 F.3d 1105, 1110 (10ᵗʰ Cir. 1994).   "[T]he party invoking federal jurisdiction bears the burden of proof."   Marcus v. Kansas Dept. of Revenue, 170 F.3d 1305, 1309 (10ᵗʰ Cir. 1999).

   "Motions to dismiss pursuant to Rule 12(b)(1) may take two forms."   Amoco Production Co. v. Aspen Group, 8 F.Supp.2d 1249, 1251 (D.Colo. 1998).   First, a party may attack the facial sufficiency of the complaint and the court must accept the allegations of the complaint as true.   Id.   Second, a party may attack the factual assertions regarding subject matter jurisdiction through affidavits and other documents and the court "has wide discretion to allow affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."   Holt v. United States, 46 F.3d 1000, 1003 (10ᵗʰ Cir. 1995).   "A 12(b)(1) motion . . . can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion."   Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10ᵗʰ Cir. 1987)   The defendant's Motion To Dismiss challenges the factual assertions underlying plaintiff's Amended Complaint.

## II.   The FTCA.

   The FTCA allows plaintiff to assert a "claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the United States.   28 U.S.C. § 2672. The FTCA does not create a substantive cause of action; it is, instead, a grant of jurisdiction. See Aviles v. Lutz, 887 F.2d 1046, 1048 (10ᵗʰ Cir. 1989).

### A.     Claim of Denial of Medical Treatment and Medication.

In his first claim, plaintiff alleges that he was assaulted in March, 2003, but that his resulting injuries were not treated and that he failed to receive adequate medication. He claims permanent physical impairment in this regard, and seeks monetary damages against the defendant.

When a plaintiff brings suit against the United States under the FTCA, state substantive law applies.  See 28 U.S.C. § 1346(b)(1); Flynn v. United States, 902 F.2d 1524, 1527 (10th Cir. 1990).  The Court of Appeals for the Tenth Circuit has held that the requirement under Colorado state law of a certificate of review in connection with professional malpractice cases is a substantive, rather than procedural, rule of law. Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1541 (10th Cir. 1996).  As such, it is applicable to the plaintiff's FTCA claims, even though he is proceeding pro se. Yadon v. Southward, 64 P.3d 909, 912 (Colo.Ct.App. 2003).

In Colorado, every case which requires expert testimony to prove a claim of professional negligence or malpractice must have a certificate of review filed within 60 days of the filing of the complaint. COLO.REV.STAT. § 13-20-602(1)(a).  The certificate of review must reflect that the person who has been consulted for the certificate "can demonstrate by competent evidence that, as a result of training, education, knowledge, and experience, the consultant is competent to express an opinion as to the negligent conduct alleged."  Id. at ¶ 602(3)(c).

In this case, plaintiff's allegations raise the question of whether the defendant

breached the standard of care both for medical treatment and administration of medication in connection with his injury.   When a plaintiff challenges the professional actions of a medical professional, expert testimony is generally required to establish the standard of care, particularly when a medical provider's diagnosis and treatment decisions are challenged.  See Greene v. Thomas, 662 P.2d 491, 494 (Colo.App. 1982). While the issue of whether the defendant did breach a standard of care is a disputed fact, the requirement of a certificate of review is a question of law for which no evidentiary hearing is required. Plaintiff filed his original Complaint in this action on March 2, 2004, and has failed to file any certificate of review.

By its very nature, plaintiff's claim alleging a denial of medical treatment and medication necessitates a certificate of review because expert testimony would be essential to establishing a prima facie case.  See COLO.REV.STAT. § 13-20-601; Martinez v. Badis, 842 P.2d 245 (Colo. 1992).  However, the requirement can be waived by a defendant and the trial court does have discretion as to whether a claim may proceed without the filing of such a certificate. See Miller v. Rowtech, LLC, 3 P.3d 492, 494-95 (Colo.Ct.App. 2000). Therefore, under state law, the filing of a certificate of review is not a jurisdictional requirement. See Id. Consequently, the defendant's request for dismissal under Rule 12(b)(1) is not on-point to the issue, and would more appropriately arise under Rule 12(b)(6).  While dismissal pursuant to Rule 12(b)(6) usually originates out of a motion made by a party or parties to a case, the Tenth Circuit "has held that a district court may dismiss *sua sponte* a pro se complaint for failure to state a claim." See

5

Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997).

Without a certificate of review, plaintiff has failed to state a claim upon which relief can be granted and dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is appropriate. Therefore, plaintiff's Claim One should be dismissed.

**B.     Exhaustion of Administrative Remedies.**

The defendant argues that the plaintiff has not exhausted his administrative remedies with regard to any of his claims. As a jurisdictional prerequisite, the FTCA bars a claimant from bringing suit in federal court until he has exhausted administrative remedies. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993); Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999); Pipkin v. U.S. Postal Serv., 951 F.2d 272, 273 (10th Cir. 1991). To comply with the requirements of § 2675(a), a claimant must file an administrative claim which contains "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir. 1992) (citations omitted). The requirements are jurisdictional and cannot be waived. See Id. Furthermore, because the FTCA constitutes a waiver of the government's sovereign immunity, the court must strictly construe its notice requirements. See Id.

Attached to plaintiff's Response to Motion to Dismiss is a copy of a Memorandum from the Federal Bureau of Prisons, North Central Regional Office, dated November 13, 2003, which evidences that plaintiff presented Tort Claim No. T-NCR-03-3404 for administrative review concerning property loss/damage in the sum of $315.45 and

6

personal injury in the sum of $2,500.00.  <u>See</u> Docket #24, attch'd Memorandum.  The

document notifies the plaintiff of an offer of settlement in the amount of $242.45 and that

if the plaintiff refused the offer, that the Memorandum constituted notification of the

agency's final denial of the claim.  <u>Id</u>.  The record herein evidences that the plaintiff

rejected the offer of settlement.  <u>See</u> Complaint, Docket #3, attch'd rejection of offer to

settle.   Accordingly, the plaintiff has arguably presented evidence of exhaustion of

administrative remedies sufficient to satisfy 28 U.S.C. § 2675(a).

However, the FTCA sum-certain claim requirement must be strictly construed.  The

statute provides that:

> Action under this section shall not be instituted for any sum in excess of the
> amount of the claim presented to the federal agency, except where the
> increased amount is based upon newly discovered evidence not
> reasonably discoverable at the time of presenting the claim to the federal
> agency, or upon allegation and proof of intervening facts, relating to the
> amount of the claim.

28 U.S.C. § 2675(b).

In this lawsuit, outside of the costs of this action which he also seeks to recover,

plaintiff requests $242.45 for two separate thefts from him in the sum of $200.00 and

$42.45 respectively by another prisoner which he alleges the defendant did not prevent,

and $75.00 for the alleged loss of certain of his property when he was transported to the

SHU, for a total of $317.45 in property loss.  Since the property loss claim he presented

for administrative consideration was in the sum of $315.45, and he has offered no

evidence or well-pled facts to establish that an exception to the sum-certain requirement

7

is warranted, he is confined to seeking $315.45 in property loss in this court. See Reilly v. United States, 863 F.2d 149, 173 (1st Cir. 1988) (the standard for obtaining an exception under § 2675(b) is high, because "[t]he goal of the administrative claim requirement is to let the government know what it is up against: mandating that a claimant propound a definite monetary demand ensures that the government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions.").

Plaintiff's claim for personal injury fails to state a claim upon which relief can be granted, as demonstrated in the preceding section of this Recommendation, and therefore should be dismissed on that ground. However, even if a Rule 12(b)(6) dismissal of the claim was not a consideration, pursuant to § 2675(b), plaintiff's recovery under this claim would be limited to the amount of $2,500.00 which he made in his administrative claim. He has demonstrated no evidence or well-pled facts of newly discovered evidence or intervening facts which would allow any potential recovery in this case to overcome the $2,500.00 limit of his administrative claim, and therefore, he would be held to that amount if the claim were not subject to a Rule 12(b)(6) dismissal.

With regard to plaintiff's fifth claim, in which he seeks the fees and costs of this action, the plaintiff must first be the prevailing party in this case as determined by statute and/or case law and then any recovery he may garner against the government as a defendant is only to the extent permitted by law. See, generally, 28 U.S.C. §§ 1920 and 2412.

**CONCLUSION**

Based on the foregoing, and the entire record herein, it is hereby **RECOMMENDED** as follows:

1.      Defendant's Motion To Dismiss [Filed September 21, 2004; Docket #20] be **DENIED**.

2.      Claim One of plaintiff's Second Amended Complaint, filed on June 8, 2004, be dismissed *sua sponte*, with prejudice, for failure to state a claim upon which relief can be granted.

3.      Plaintiff be allowed to proceed in this action on Claims Two, Three and Four of his Second Amended Complaint, filed on June 8, 2004, with Claim Five being allowed only as appropriate and to the extent permitted by law, see FED.R.CIV.P. 54(d)(1).

Dated at Denver, Colorado, this 7th day of September, 2005.

BY THE COURT:

s/ O. Edward Schlatter

_____

O. Edward Schlatter
United States Magistrate Judge

**ADVISEMENT UNDER FED. R. CIV. P. 72**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo

determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).